Douglas Han, WSBA #59429
Shunt Tatavos-Gharajeh, WSBA #59424
Dean Petitta, WSBA #58295
**JUSTICE LAW CORPORATION**
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MARGEAUX HESTERLY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORNERSTONE BUILDING BRANDS SERVICES, INC., a North Carolina corporation,<br><br>Defendant. | NO. 2:26-cv-00077-TOR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff Margeaux Hesterly ("Plaintiff"), by their undersigned counsel, for their First Amended class action complaint against Defendant Cornerstone Building Brands Services, Inc. ("Defendant"), filed pursuant to FRCP 15(a)(1)(B), alleges as follows:

/ / /

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) personnel file violations. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant is within the jurisdiction of this Court. Defendant does business in the State of Washington and has operations in Spokane County. Defendant is registered to conduct business in the State of



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets. Federal jurisdiction is inappropriate under simple diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the matter in controversy between Plaintiff and Defendant does not exceed the sum or value of $75,000, exclusive of interest and costs. This Court has federal removal jurisdiction under 28 U.S.C. § 1441(a).

2.2 Venue. Venue is proper in the Eastern District of Washington because this case was properly filed in Spokane County and Defendant removed it therefrom under 29 U.S.C. § 1441(a).

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1 Plaintiff Margeaux Hesterly. Plaintiff Hesterly is a citizen of Washington. Defendant hired Plaintiff as an hourly-paid, non-exempt Field Service Coordinator employee from approximately January of 2020 through July of 2023.

3.2 Defendant Cornerstone Building Brands Services, Inc. Defendant Cornerstone is a North Carolina corporation with its principal place of business in Cary, North Carolina.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from January 9, 2023 through final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. Plaintiff believes that more than 40 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period. According to Defendant in its Notice of Removal, "[…] approximately 1,607 individuals work or worked in Washington in a non-exempt or hourly-paid position […]" during the putative class period.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

a. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

b. Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

g. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

i. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

j. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

k. Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;

l. Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

m. Whether Defendant has violated RCW 49.12.020;

n. Whether Defendant has violated WAC 296-126-092;

o. Whether Defendant has violated RCW 49.46.130;

p. Whether Defendant has violated RCW 49.46.090;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

q. Whether Defendant has violated RCW 49.46.210;

r. Whether Defendant has violated RCW 49.48.010;

s. Whether Defendant has violated WAC 296-126-025;

t. Whether Defendant has violated WAC 296-126-028;

u. Whether Defendant has violated WAC 296-128-620;

v. Whether Defendant has violated RCW 49.52.050; and

w. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.6 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

5.1 Plaintiff Hesterly was employed by Defendant as a Field Service Coordinator at Defendant's Spokane, Washington location from approximately January 2020 through August 2023. Her job duties involved, among other things, overseeing and coordinating Defendant's service calls in California, Nevada, Utah, Idaho, and the southern half of Oregon. She would verify warranties, set up appointments and follow ups, order products, report accounts, and train other



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

employees (this last duty was outside her job description). She was typically scheduled to work Monday-Friday, 8 am to 5 pm, but in practice ended up working significantly more hours in the evenings, on the weekends, and during her legally protected breaks. Her highest base rate of pay was $19.90/hour.

5.2 Plaintiff Hesterly experienced a variety of wage-and-hour violations while employed by Defendant, including but not limited to: non-compliant meal and rest breaks, off-the-clock work, unpaid or underpaid overtime, sick leave violations, and personnel file violations. These violations were willful.

5.3 Meal Violations - Plaintiff Hesterly experienced late, missed, short, and interrupted meal periods.

5.3.1 For example, and without limitation, on Wednesday, March 1, 2023, Defendant's time records show that Plaintiff Hesterly worked more than five hours without a first meal period from 7:12 am to 12:39 pm. The records show her clocking out for a meal at 12:39 pm, clocking back in for work at 1:38 pm, and then finally clocking out for the day at 6:29 pm. This constitutes a late first meal break, and a short second meal break. The first meal break is late because it began more than five hours into her shift. The second meal break was short because it was one minute short (her combined meal period lasted 59 minutes), even though she worked 10.3 hours that day and would have been entitled to two total meal periods.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.3.2 As another example, Defendant's time records for Plaintiff Hesterly show that she did not receive a second meal period at all on Wednesday June 14, 2023, though it appears she worked from 10:30 am to 4:30 pm (6 hours) without receiving any meal period.

5.3.3 Plaintiff Hesterly did not receive premium or additional compensation for these missed meals, even when they are verifiable from Defendant's own time records.

5.3.4 Plaintiff Hesterly would also routinely be interrupted when attempting to take her meal periods, including that she would routinely perform work at Defendant's direction throughout her scheduled meal period for which she did not receive any compensation at all. Plaintiff estimates that at least once per week she would receive communications from her supervisor, Katrina Campbell, asking her to perform work during her lunch period.

5.4 <u>Rest Violations</u> - Defendant did not provide compliant rest periods. Specifically, she was not provided with timely or complete rest periods due to delays or interruptions related to Defendant's business needs. For example, and without limitation, Plaintiff believes she would have missed three rest periods during the week of June 5, 2023 because she missed a rest period (or took one late) every other day during that week due to being stuck on a work call and was unable to timely take a break within the last four hours of her work.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.5 Off-the-Clock Work - Due to Defendant's chronic understaffing, combined with its performance expectations and cost-control approach, Plaintiff Hesterly was routinely required to perform off-the-clock work after returning to her home in the evening, or on the weekends. She was required to do so because Defendant placed work expectations upon her that were impossible to complete within the time allotted, would discipline her when she was unable to meet them, and would also discipline her when she would attempt to work overtime hours. In short, Defendant unreasonably expected her to complete more work than could feasibly be completed in the allotted time. As a result of these conflicting mandates from Defendant, she estimates that she was performing approximately *1-2 hours of uncompensated work each day*, which is verifiable through reference to Defendant's own Service Tool software, InsightPro, cross-referenced with Defendant's time records. Plaintiff recalls that she worked off-the-clock in this way every day during the week of June 5, 2023.

5.6 Overtime and Sick Leave - Due to the uncompensated off-the-clock work described in section 5.5 (and 5.3.4) above, Defendant necessarily did not pay overtime at all to Plaintiff on certain occasions. For example, Plaintiff performed off-the-clock work during that week of June 5th, but Defendant recorded that she worked a total of 40.28 hours that week. Accordingly, any off-the-clock work would have been required to have been paid at the overtime rate.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Furthermore, during that same pay period, Defendant accrued 1.01 hours of sick leave for Plaintiff based on her having worked 40.28 hours the week of June 5, 2023. However, she should have accrued additional sick leave balance due to the additional, unrecorded hours of work she actually performed. Accordingly, Defendant under-accrued sick leave because it failed to account for all hours of Plaintiff's work.

5.7 Personnel File Violations - In addition to these various violations, Defendant also failed to timely provide the entirety of Plaintiff Hesterly's personnel file in response to her statutory records request under RCW 49.12.240. Defendant received a compliant records request under this section on October 23, 2025. Defendant provided some time and pay records in response. However, it did not provide all the requested records required under RCW 49.12.240(2), including that it omitted job application records, performance evaluations, disciplinary records, leave and accommodation requests, payroll records, and employment agreements such as arbitration, non-compete, non-solicit, non-disclosure, waivers, releases, employment contracts, or any other agreements.

5.8 Defendant had actual or constructive knowledge of the facts set forth above.

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## VI. SUMMARY OF CLASS-WIDE FACTUAL ALLEGATIONS

6.1 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

6.2 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

6.3 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.

6.4 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.

6.5 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

6.6 Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.7 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.

6.8 Defendant had actual or constructive knowledge of the facts set forth above.

6.9 Failure to provide meal breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

6.10 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

6.11 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.

6.12 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

6.13 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.14 Defendant had actual or constructive knowledge of the facts set forth above.

6.15 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

6.16 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

6.17 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

6.18 Defendant had actual or constructive knowledge of the facts set forth above.

6.19 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.20 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

6.21 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

6.22 Defendant had actual or constructive knowledge of the facts set forth above.

6.23 <u>Failure to accrue and allow use of paid sick leave</u>. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

6.24 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.

6.25 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.26 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

6.27 Defendant had actual or constructive knowledge of the facts set forth above.

6.28 Failure to pay all wages due at termination. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

6.29 Defendant had actual or constructive knowledge of the facts set forth above.

6.30 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

6.31 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.32 Defendant had actual or constructive knowledge of the facts set forth above.

6.33 Failure to Provide Personnel File Records. Defendant has engaged in a common course of failing to provide complete personnel file records in response to lawful personnel file requests from Plaintiff and the Class members.

6.34 Defendant had actual or constructive knowledge of the facts set forth above.

## VII. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

7.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

7.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

7.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

7.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

7.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## VIII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

8.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

8.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

8.7 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

8.8 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

8.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

8.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## IX. THIRD CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)**

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.3 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

9.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FOURTH CLAIM FOR RELIEF

### (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

10.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

10.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XI. FIFTH CLAIM FOR RELIEF

## (Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)

11.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

11.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

11.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

11.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XII. SIXTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

12.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

12.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) who are no longer employed by Defendant have been deprived of compensation in amounts to be determined at trial, and Plaintiff and



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

the Class members who are no longer employed by Defendant are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. SEVENTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

13.5 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XIV. EIGHTH CLAIM FOR RELIEF

### (Violation of RCW 49.12.240-261 – Personnel File Violations)

14.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding

14.2 RCW 49.12.250(1)(a) provides that an "[…] employer shall provide a copy of personnel file(s) within 21 calendar days after the employee, former employee, or their designee requests the file(s) at no cost to the employee, former employee, or their designee."

14.3 RCW 49.12.240(2) defines "personnel file" to include (a) All job application records; (b) All performance evaluations; (c) All nonactive or closed disciplinary records; (d) All leave and reasonable accommodation records; (e) All payroll records; and (f) All employment agreements."

14.4 RCW 49.12.261(1)(a) permits former employees to bring a private cause of action for violations of RCW 49.12.250(1) and specifies that the employee "[…] will be entitled to equitable relief, statutory damages, and reasonable attorneys' fees and costs."

14.5 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been denied access to their personnel files,



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

and Plaintiff and the Class members are entitled to recovery of equitable relief (i.e., complete production of the files), statutory damages of between $250 and $1,000 per violation, as well as attorneys' fees and costs under RCW 49.12.261.

## XV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory, exemplary, and statutory damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of April, 2026.

**JUSTICE LAW CORPORATION**

By: /s/ *Douglas Han*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
/s/ *Shunt Tatavos-Gharajeh*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
/s/ *Dean Petitta*
Dean Petitta, WSBA #58295
Email: dpetitta@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff* Margeaux Hesterly

# CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On April 2, 2026, I transmitted a true copy of:

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

Cornelia Brandfield-Harvey
cbrandfieldharvey@bakerlaw.com
Scott M. Mclntyre *(pro hac vice)*
smcintyre@bakerlaw.com
Sean P. Ryan *(pro hac vice)*
spryan@bakerlaw.com
Courtney Witten *(pro hac vice)*
cwitten@bakerlaw.com
**Legal Staff:**
Catherine Lacey
clacey@bakerlaw.com
Cheryl A. Phillips
cphillips@bakerlaw.com
Kelly Urk-Allgeier
kurkallgeier@bakerlaw.com
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076

**[X] By ECF**
**[X] By Electronic Mail**

*Attorneys* for Defendant Cornerstone Building Brands Services, Inc.

Executed on April 2, 2026, at Seattle, Washington.

/s/ *Dean Petitta*
Dean Petitta



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com