UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARGEAUX HESTERLY, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>CORNERSTONE BUILDING BRANDS SERVICES, INC., a North Carolina corporation,<br><br>                    Defendant. | NO. 2:26-CV-0077-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 17). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion is **DENIED**.

## BACKGROUND

This case arises out of allegations that Defendant has engaged in wage and hour abuses against its Washington hourly-paid or non-exempt employees,

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

including Plaintiff.  The following facts are drawn from Plaintiff's First Amended Complaint and construed in the light most favorable to Plaintiff.  *Schwarz v. United States*, 234 F.3d 428, 436 (9th Cir. 2000).  Defendant is a North Carolina corporation with its principal place of business in Cary, North Carolina.  ECF No. 14 at ¶ 3.2.  From January 2020 through August 2023, Plaintiff worked for Defendant as a Field Service Coordinator at Defendant's Spokane, Washington location.  *Id.* at ¶ 5.1.  Plaintiff's job duties included "overseeing and coordinating Defendant's service calls in California, Nevada, Utah, Idaho, and the southern half of Oregon.  *Id.*  She would verify warranties, set up appointments and follow ups, order products, report accounts, and train other employees[.]"  ECF No. 14 at ¶ 5.1.  Plaintiff alleges that during her time employed with Defendant, she experienced a variety of willful wage-and-hour violations, including but not limited to: non-compliant meal and rest breaks, off-the-clock work, unpaid or underpaid overtime, sick leave violations, personnel record violations, and other violations.  *Id.* at ¶ 5.2.

   1. Meal Period Violations

      As an example, Plaintiff alleges that on March 1, 2023, Plaintiff worked more than five hours without a first meal period and had a short second meal break.  *Id.* at ¶ 5.3.1.  And on June 14, 2023, Plaintiff worked six hours without receiving any meal period.  *Id.* at ¶ 5.3.2.  Plaintiff asserts she was routinely interrupted during her meal breaks and would perform work during meal breaks at

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

the behest of her supervisor, Katrina Campbell. *Id.* at ¶ 5.3.4. Plaintiff was never compensated for these missed meal breaks. *Id.* at ¶ 5.3.3.

### 2. Rest Period Violations

Plaintiff alleges she was not provided compliant rest periods due to delays or Defendant's interruptions related to business needs. ECF No. 14 at ¶ 5.4. For example, Plaintiff asserts that during the week of June 5, 2023, she missed three rest periods due to being stuck on a work call. *Id.*

### 3. Off-the-Clock Work

Plaintiff alleges she performed on average one to two hours of uncompensated work each day because she could not complete the expected workload in the time allotted and was disciplined if she attempted to work overtime hours. *Id.* at ¶ 5.5. As an example, Plaintiff alleges that she worked off-the-clock every day during the week of June 5, 2023. *Id.*

### 4. Overtime and Sick Leave

As a result of working off the clock uncompensated, Plaintiff alleges that Defendant under-accrued sick leave because it did not account for all the hours worked. *Id.* at 5.6.

### 5. Personnel File Violations

On October 25, 2025, Plaintiff made a records request for her personnel file pursuant to RCW 49.12.240. *Id.* at ¶ 5.7. While Defendant has produced some

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3

records, Plaintiff asserts that it has not provided all the requested records as required under RCW 49.12.240(2).

Plaintiff makes the following class-wide factual allegations: Defendant has failed to provide rest breaks to Plaintiff and the Class members; failed to provide meal breaks; failed to pay minimum wages for all hours worked; failed to pay overtime wages due; failed to accrue and allow use of paid sick leave; failed to pay all wages due at termination; failed to maintain accurate payroll records; and failed to provide personnel file records.  ECF No. 14 at ¶¶ 6.2-6.34.

Based on these alleged facts, Plaintiff brings the following eight causes of action: violations of RCW 49.12.020 and WAC 296-126-092 for (1) failure to provide rest periods and (2) failure to provide meal periods; (3) violation of RCW 49.46.130 for failure to pay overtime wages; (4) violation of RCW 49.46.090 for payment of wages less than entitled; (5) violations of RCW 49.46.210 and WAC 296-128-620 for failure to accrue and allow use of paid sick leave; (6) violation of RCW 49.48.010 for failure to pay all wages due at termination; (7) violation of RCW 49.52.050 for willful refusal to pay wages; and (8) violation of RCW 49.12.240-261 for personnel file violations.  *Id.* at ¶¶ 7.1-14.5.

Defendant moves to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  ECF No. 17.

//

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

**DISCUSSION**

A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true

and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

### A. Alleged Compensable Time

Defendant argues that Plaintiff fails to allege facts that the claimed overtime was an integral and indispensable part of Plaintiff's and the purported class's job and that Defendant was actually informed of the work.  ECF No. 17 at 4. Defendant asserts that as Washington's wage and hour law as to minimum wage and overtime compensation mirrors that of the Fair Labor Standards Act (the "FLSA"), the FLSA is applicable to such claims.  *Id.*  Defendant contends that under the FLSA, only work that is integral and indispensable is compensable.  *Id.* at 4-5.  Defendant argues that Plaintiff's failure to allege what she and the purported class members were doing during the overtime worked warrants dismissal.  *Id.* at 5-6.  The Court disagrees.

The "integral and indispensable" requirement comes from the Supreme Court's interpretation of the Portal-to-Portal Act ("PPA").  *See IBP, Inc. v. Alvarez*, 546 U.S. 21, 29 (2005); *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014).  Congress passed the PPA to preclude employers from being held liable under the FLSA for failing to pay overtime compensation for certain work-related

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 6

activities including "(1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to said principal activity or activities." 29 U.S.C.A. § 254. The Supreme Court "interpreted the term 'principal activity or activities' to embrace all activities which are an integral and indispensable part of the principal activities." *Integrity*, 574 U.S. at 33 (quotation marks and citations omitted) (cleaned up). Thus, the "integral and indispensable" requirement is specifically in the FLSA context. While some states have incorporated the PPA into their wage and hour laws, *see, e.g.*, *Buero v. Amazon.com Services, Inc.*, 61 F.4th 1031, 1049 (9th Cir. 2023) ("Oregon's definition of 'work time' aligns with federal law."), it does not appear Washington has done so. *Anderson v. State, Dep't of Soc. & Health Servs.*, 115 Wash. App. 452, 457 (2003) ("We are not persuaded that the Legislature intended to adopt the Portal to Portal Act; and we do not hold that it was adopted."). Rather, Washington courts have looked to hours worked as defined in WAC 296-126-002(8): "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *See, e.g.*, *Anderson v. State, Dep't of Soc. & Health Servs.*, 115 Wash. App. 452, 456 (2003); *Bennett v. Providence Health & Servs.*, 35 Wash. App. 2d 1073 (2025) (unpublished).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 7

Defendant argues not only that Washington wage law requires time worked to be integral and indispensable to be compensable, but that a plaintiff must plead sufficient facts demonstrating as such.  ECF No. 19 at 2-3.  Yet Defendant does not cite to a single Washington case requiring a plaintiff to allege at the pleadings stage that the overtime worked was integral and indispensable to the principal activities of the plaintiff's job.  Defendant's cited cases either relate to FLSA, address categories of compensable time under the Washington Minimum Wage Act ("WMWA") that are not relevant here, or concern another state's wage and hour laws.  *Pierce v. Health Consultants, Inc.*, No. C10-585Z, 2011 WL 2560254, at \*2 (W.D. Wash. June 27, 2011) (concerning whether "time spent driving the company vehicle to and from home was compensable under state law"); *Palazzolo-Robinson v. Sharis Mgmt. Corp.*, 68 F. Supp. 2d 1186, 1189 (W.D. Wash. 1999) (determining the plaintiff's primary duties as a manager made her an exempt employee under FLSA and WMWA); *Buero*, 61 F.4th at 1049 (concluding hours worked under Oregon state law must be integral and indispensable because "Oregon statutes and administrative rules regarding what activities are compensable were intended to mirror federal law"); *Solares v. Amazon.com Servs., LLC*, No. 2:24-CV-00881-EJY, 2025 WL 48933, at \*1 (D. Nev. Jan. 8, 2025) (dismissing claims arising under the FLSA but declining to dismiss claims arising under Nevada's wage and hour statutes because question remained whether

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 8

Nevada wage and hour laws integrated the PPA). While the Washington Supreme Court has acknowledged that "[b]ecause the MWA is based upon the FLSA, federal authority under the FLSA often provides helpful guidance," it also made it clear the two "are not identical and we are not bound by such authority." *Drinkwitz v. Alliant Techsystems, Inc.*, 996 P.2d 582, 586 (2000). The Court concludes Plaintiff's failure to allege that the time at issue was integral and indispensable to her primary duties is not fatal to her claims at the pleadings stage.

### B. Notice to Defendant

Defendant argues that Plaintiff fails to sufficiently plead facts supporting that Defendant had actual or constructive knowledge that she was working compensable time but did not report it. ECF No. 17 at 6. For Plaintiff and the proposed class to establish their claims under Washington's wage and hour laws, Plaintiff must show Defendant permitted them to work off the clock. *United Food & Com. Workers Union Loc. 1001 v. Mut. Ben. Life Ins. Co.*, 84 Wash. App. 47, 52, 925 P.2d 212, 215 (1996), *abrogated on other grounds by Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 991 P.2d 1126 (2000). "[A]n employer 'permits' its employee to work when it has either actual or constructive knowledge of the allegedly uncompensated work." *Id.*

Plaintiff alleges that Defendant routinely directed Plaintiff to perform work during her scheduled meal period without compensation and estimates that at least

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 9

once per week she would receive communications from her supervisor, Katrina Campbell, asking her to perform work during her lunch period." ECF No. 14 at ¶ 5.3.4. Plaintiff further alleges that she was not given compliant rest periods and asserts that during the week of June 5, 2023, she either missed a rest period or took one late every day during that week because she was stuck on work calls. *Id.* at ¶ 5.4. Plaintiff also asserts that she often worked off the clock after returning to her home in the evenings or on weekends "which is verifiable through reference to Defendant's own Service Tool software, InsightPro, cross-referenced with Defendant's time records." *Id.* at ¶ 5.5. Plaintiff has sufficiently pleaded facts that Defendant was on notice that Plaintiff was working unreported compensable time.

## C. Class/Collective Action Claim

Defendant argues Plaintiff's class/collection action claims should be dismissed as failing to state facts regarding a uniform policy and facts supporting that other employees are similarly situated. ECF No. 17 at 6-7. Plaintiff contends that it is inappropriate to deny class certification at this stage in the proceedings before discovery has commenced. ECF No. 18 at 9. The Court agrees with Plaintiff. "[The granting of motions to dismiss class allegations before discovery has commenced is rare. . . . because 'the shape and form of a class action evolves only through the process of discovery.' " *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (citation omitted)

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 10

(collecting cases).  Class allegations may be dismissed at the pleadings stage only when it is "possible to determine from the pleadings alone that the class requirements cannot possibly be met[.]"  *Id.*

Here, Plaintiff defines the class of those similarly situated to be "[a]ll hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from January 9, 2023 through final disposition of this action."  ECF No. 14 at ¶ 4.1.  Plaintiff has sufficiently pled facts supporting her individual claims against Defendant, therefore, the Court cannot conclude from the pleadings that the class requirements cannot possibly be met.  Such determination is better made when the Court considers Plaintiff's motion for class certification.  *See Angulo v. Providence Health & Servs. Washington*, No. 4:25-CV-05029-SAB, 2025 WL 3776042, at *6 (E.D. Wash. May 1, 2025).

**D. Allegations of "Willful" Violation**

Defendant argues that Plaintiff fails to plead facts to support an allegation that the alleged violations were willful.  ECF No. 17 at 7-8.

The Wage Rebate Act prohibits employers from "[w]ilfully and with intent to deprive the employee of any part of his or her wages," paying "any employee a lower wage than the wage such employer is obligated to pay such employee by any statue, ordinance, or contract[.]"  RCW 49.52.050(2).  "[W]illfulness is found where 'the employer's refusal to pay [is] volitional . . . . Willful means merely that

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 11

the person knows what he is doing, intends to do what he is doing, and is a free agent.' " *Morgan v. Kingen*, 166 Wash. 2d 526, 534 (2009) (internal quotation marks omitted) (quoting *Schilling v. Radio Holdings, Inc.*, 136 Wash. 2d 152, 159-60 (1998)) (alteration in original).  Willfulness may be negated where the withholding of pay was a result of carelessness or error or there was a bona fide dispute as to the wages due.  *Hill v. Garda CL Northwest, Inc.*, 191 Wash. 2d 553, 561 (2018).  Determining willfulness is a question of fact reviewed for substantial evidence.  *Backman v. Nw. Pub. Ctr.*, 147 Wash. App. 791, 796 (2008).

Defendant argues that Plaintiff makes conclusory allegations that Defendant's alleged violations were willful without asserting any facts indicating Defendant had knowledge of such violations.  ECF No. 17 at 8.  The Court disagrees.  Plaintiff pleads that she was routinely required to work off the clock because "Defendant placed work expectations upon her that were impossible to complete within the time allotted, would discipline her when she was unable to meet them, and would also discipline her when she would attempt to work overtime hours."  ECF No. 14 at ¶ 5.5.  Plaintiff asserts this off-the-clock work time was "verifiable through reference to Defendant's own Service Tool software, InsightPro, cross-referenced with Defendant's time records."  *Id.*  Plaintiff also alleges "she would routinely perform work at Defendant's direction throughout her scheduled meal period for which she did not receive any compensation at all."  *Id.*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 12

at ¶ 5.3.4. And at least once per week she "would receive communications from her supervisor, Katrina Campbell, asking her to perform work during her lunch period." *Id.* at ¶ 5.3.4. The Court finds these allegations are sufficient to state a claim for willful withholding of wages.

Defendant's cited caselaw is unpersuasive. In *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 921 (D. Ariz. 2010), the plaintiff failed to plead a willful violation of the FLSA where she only asserted the defendant did not make "a good faith effort to comply with the FLSA." *Id.* And in *Butler v. G4S Secure Sols. (USA), Inc.*, No. 2:19-CV-194-RMP, 2019 WL 6039966, at *7 (E.D. Wash. Nov. 14, 2019), the plaintiff's wage claim was insufficient where he only alleged he "frequently worked 60 or more hours per week" and was not paid certain hours of overtime because the defendant asserted it was not billable overtime. *Id.* The court found these facts did not "support an argument that [the defendant] knew of the unlawful withholding." *Id.* Finally, the court in *Walters v. Superior Tank Lines Nw. Div., LLC*, No. C19-0191RSL, 2019 WL 1923053, at *2 (W.D. Wash. Apr. 30, 2019) found the plaintiffs' allegations that the defendant "knowingly refused to pay Plaintiffs their safety bonuses for their final pay periods" without their authorization were "merely formulaic recitations of the elements of withholding of wages claim." *Id.* Here, Plaintiff's allegations are not simply formulaic recitations and plausibly allege Defendant willfully withheld Plaintiff's wages.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 13

**E. Personnel Files**

Defendant argues Plaintiff's personnel file claim under RCW 49.12.240 was not administratively exhausted.  ECF No. 17 at 8-9.  Plaintiff responds that that prerequisite was abrogated by statute in 2025.  ECF No. 18 at 13-14.  Plaintiff is correct.  RCW 49.12.261 came into effect July 27, 2025, and creates a private right of action for employees to enforce inspection of personnel files requested pursuant to RCW 49.12.250(1).  RCW 49.12.261.  The only prerequisite is an employee must give an employer a notice of intent to sue alongside a records request or anytime thereafter but no later than five days prior to bringing legal action.  *Id.*  Plaintiff argues that she adequately pled that she provided a compliant statutory records request.  ECF No. 18 at 13.  Apparently conceding the point, Defendant makes a new argument in its Reply Brief that Plaintiff fails to allege facts that the records in question existed or that Defendant wrongfully withheld them.  ECF No. 19 at 6-8.  The Court declines to consider an argument only now raised for the first time in Defendant's Reply Brief and considers it waived.  *See Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008).

//

//

//

//

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 14

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendant's Motion to Dismiss (ECF No. 17) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 21, 2026.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 15